Good morning. Good morning. I'd like to reserve two minutes for rebuttal. Okay, thank you. Thank you. Kara Hartzler for Petitioner Luciano Torres-Torres. Case numbers are not enough. The government is asking this Court to believe that it can rely on facts alleged in a charging document, even though the final judgment contains no reference whatsoever to that charging document, on the mere basis that the documents contain the same case number. Now, I know you're experienced in this area, and this area is a little bit counterintuitive, but maybe you can help me on this, because the charging document says 11350 cocaine, correct? Correct. And then he pleads guilty to 11350, but it doesn't say the cocaine there. And it appears that both the government and an appellant agree that the federal statute is broader. That's my understanding, Your Honor. That being said, tell me what other than the type of scheduled drug could be included in this, that if it's because it doesn't say cocaine. Is it marijuana, or what is it that, because obviously I know there's cocaine, I think heroin, morphine, those would still all, what drugs can be included in 11350 that wouldn't satisfy this? And I believe in Ruiz v. Dahl, the Court set forth a list of ten drugs. Now, there's a little bit of contention. I've heard the government argue in other cases that some of those drugs have since been deleted from the California list. But my last understanding is there are at least four drugs that are no longer, that are still broader that are on the California list than on the federal schedule. And so what are those? I apologize, Your Honor. They're very long, complicated names, and I'm not, I don't have them at my fingertips. I'd be glad to file something else if the Court would like. Well, because if everything on the list were something that could satisfy for the removal, we wouldn't be talking about this, right? I agree, Your Honor. But my understanding is that right now the Court's law is that the list is overbroad, and especially in our case, because it's the government's burden to show that Mr. Torres-Torres is removable. At a minimum, it should be the government's burden, since Ruiz v. Dahl, to show that the list is no longer overbroad, and the government hasn't done that here. Well, now, let me ask you this. There were two convictions, though, also. Correct. There was a 2005 conviction for methamphetamine, correct? Correct. But the BIA didn't address that, just went with the 11-350? That's correct, Your Honor. But so let's say, just assume for argument's sake that we agreed with you on the 11-350. Can the BIA, why can't the BIA look into the 2005? They can, but we have very similar arguments that the conviction documents in that case are also not good enough. In fact, the conviction documents there are almost identical to those in Ruiz v. Dahl, where the Court found that speculation was not enough. All right. But you're saying they could. But certainly the BIA could look at those. If we send it back on an open remand, are there other documents that could be added to the record that would clear this up? Well, Your Honor, I don't think so, because it certainly would seem that your client admitted numerous times post-conviction that it was cocaine. Well, Your Honor, first of all, we'd also point out that the BIA did not rely on any of those admissions. And this Court isn't permitted to confirm the removability on a ground or on a legal basis on which the BIA did not rely. But if it went back, could the BIA consider his admissions? They could. We would certainly have arguments against that, but they certainly could. What about Tocatli? Does that have any effect on that? As it seems ridiculous in my mind that someone says the whole time, yeah, I was convicted of possession for cocaine, and they say that all the time. And so we know that they really were. But by the same token, you can't use those admissions? Well, Your Honor, no. And I believe Tocatli does say that. And I would also bring to the Court's attention Moncrief, because I understand that it does seem a little bit frustrating that, oh, well, we all know. I mean, what about the truth? Well, we're dealing with the categorical approach, and whether or not you believe that that's true. Which has nothing to do with the truth. I realize that, yeah. Well, Your Honor, I would point this Court to at least three decisions that say that more is required. Well, Your Honor, I would actually look at it from the other direction and say, frankly, there's nothing here that links these two documents. The only thing that links them is a case number. And Shepherd is very clear. But that's where it gets a little hairy, because there is no plea to that charging document. In fact, we don't even know if this was a plea. All the judgment says is that he was convicted of a violation of 11-350. And that's far less than this Court has required in at least three other recent cases. In at least three other recent cases, the Court has said there has to be some sort of link, something saying we incorporate the factual allegations in the charging document into this final judgment. And there's nothing like that here. Your Honor, we would point to this Court's or, I'm sorry, the Supreme Court's decision in Moncrief that says Taylor is very strict, and we have to look at the least of the acts criminalized. And Shepherd says that you have to look at what the defendant necessarily admitted. Here, all we have is something saying that he was convicted of 11-350. We don't have anything linking the defendant's admissions to this final conviction. The modified categorical approach allows us to look at it. The modified categorical approach allows this Court to look at the charging document if there's a specific reference to the charging document incorporating those factual allegations. And that's just not present here, Your Honor. So are you saying that Vidal is still a vital case? Your Honor, I think in the three years since we finished briefing this case, there's been a lot of changes. And frankly, in Vidal, there's some controversy around that now. We don't believe that the Court needs to look to Vidal to resolve this case in our favor. If the Court does, that's fine. And that's because this is a divisible statute, and Descamp takes us in another direction. Is that what we're saying? Well, Vidal, there's been a lot of questions over whether the as-charged and the information language is still required. So you've got Valdivinos, Torres, and Snellenberger, of course, that ignored Vidal, went forward on that basis. What should we be doing at this point in that regard? This clearly seems to be a situation where there is a divisible statute. Correct. Descamp says, therefore, we're in the modified categorical situation. You have a charging document but no actual record of a plea to a specific subsection of a divisible statute. That's your point. That's our point, Your Honor. And our point is that three other cases have said that's just not enough. There has to be something incorporating the reference, the charging document, and we don't have that here. And further to my colleague Judge Callahan's point, if we agree with you, then basically we have to send it back to the BIA, you all will do your thing, the government will do its thing with the other charge, and then we'll see what happens. Is that basically right? That's correct, Your Honor. Yes, Your Honor. And I'll reserve the rest of my time. Thank you. Good morning. Good morning. And may it please the Court, my name is Andrew O'Malley. I represent the Attorney General of the United States. This Court should dismiss the petition for review because Mr. Torres-Torres is removable as an alien convicted of a controlled substance violation. Yes, Your Honor. I apologize. The conviction documents in the record demonstrate that the substance underlying Mr. Torres-Torres' conviction is cocaine. The charging documents consisting of the complaint and the information both specifically expressly state it was cocaine and charge him with a violation of 111. I want to agree with you, trust me, because it's clear with everything that he said and all of that, that it was nothing other than cocaine. But we have these sort of pesky cases out there that seem to defy common sense. And so I can't look at his admissions at this point, correct? That's correct, Your Honor. We agree with Petitioner's Counsel on that. The Board  So what about, what in 11350 could it be that would not satisfy removability? Well, Your Honor, it references out to the California State Drug Schedules. And as this Court has held many times I'm sorry. Can you speak up a little bit? I can't. It references out to the California State Drug Schedules. And as this Court has held, they are broader than the generic drug schedules in the federal law. I gather then the government really isn't seriously contesting that we have to use the modified categorical analysis, right? No, Your Honor, we're not. Okay. So you've got a charging document. Wherein is the plea? Well, we don't know if he pled here. And Petitioner's Counsel's right. That's the problem. We don't know. We don't know. But we know, and this Court has held in Valdivinos-Torres, that you can read the sentencing documents or the documents memorializing conviction in conjunction with the charging document to show what the underlying basis of that conviction was. Well, I agree with my colleagues. Taylor is enormously frustrating. We, you, all of you have spent thousands and thousands of hours on cases, going through all this stuff. This probably doesn't need to be that way, but that's the system we deal with. And I'm having difficulty under our case law finding how this charge gets sustained under the modified categorical analysis. Because while I find the charge, I don't find the plea. I don't see it. I don't see any documents that back it up that meet the requirements of our case law. Can you help me? Is there a case that meets this case? Your Honor, there's no case directly on point because Valdivinos-Torres was a case that dealt with a two-count complaint. That's not the case here. There's only one count. There was no reason for the trial court to specify it as a count because it was just one charge and it was just possession of cocaine. Now, the charging documents say possession of cocaine under 11350. He was sentenced under 11350. Under this Court's decision in Valdivinos-Torres, that's enough. To read those in conjunction, that's sufficient. This is distinguishable from the Court's cases in which that wasn't sufficient because, unlike Young, this is not a conjunctively phrased charging document. It is a divisible statute. It is a divisible statute. It's not that you agree with your opposing counsel that there are more or less four substances that are included in the list that are not part of the charging document. That is our understanding, Your Honor. That's correct. So basically, whether we like the law or not, that's what we're stuck with. And isn't it fair to say our hands are kind of tied? We need to bounce this based upon the initial charge, send the two of you or whoever's going back to the BIA to argue the other case, the other charge, and see whether that one meets the requirements. Isn't that a fair statement? Well, we certainly agree with you that if these documents are not sufficient to prove a conviction, that it does have to go back to the Board for further consideration. Can you use the admissions? Your Honor, under this Court's recent case law, his concession to removability and his admission can be considered by the Board. In fact, I don't believe you can. I don't believe that you even have to get to the modified categorical approach because he admitted that it was cocaine. He was specifically charged with possession of cocaine. But that has to do with whether or not it's a categorical approach. Well, under this Court's case law, that's the initial pleading stage. If that's sufficient to find him removable. This is recent. This is after. But help me. Maybe I don't understand Taylor. I'm not the only one. You don't get to Taylor. You know, you've got a divisible statute. You've got a broader statute than what's covered here. So that automatically takes you into the modified categorical analysis, right? No, because he specifically admits at the pleading stage to the notice to appear that it was cocaine. And that's what happened. But how does that square with Tocatli? Well, Your Honor, I believe under this Court's decision in Perez-Megello, that's sufficient. And that ---- How did he admit? What did he do to you? Your Honor, the immigration judge specifically said, specifically stated, you know, you were charged with being convicted for possession of cocaine in 1986. And he admits that. He also admitted the methamphetamine conviction in 2005. But again, we can't consider that here because the Board didn't rely on it. We definitely agree with Petitioner's counsel there that that's something for the Board to address in the first instance. So if we don't ---- if we don't succeed on the charging documents here, then it does have to go back to the Board for that decision. Well, what about the 2005 one? They didn't ---- the BIA didn't deal with that at all. They didn't, Your Honor. And this conviction was sufficient to find him removable, the 1986 conviction. And on remand, they can address that 2005 conviction to determine whether that's sufficient. Could you be able to ---- do you have any documents besides what you put in before? Or is that ---- I mean, obviously you've said you have the admissions on the 11350. On the 2005, do you have additional things? I would imagine that the ---- that ICE submitted what they had at the time of the hearing. I don't know if they have any additional documents that they can submit. But again, the admissions would be enough for the Board to ---- If this should go back on an open record, you would agree? I would agree, Your Honor. However, we do think that this is distinguishable from the Court's case law, the three cases that have really said that there's something more is necessary. Can I ask you a question? I ask your opposing counsel. Is Vidal still viable? And if not, why not? Well, I think Vidal is still viable in the sense that it says where the charging document doesn't limit the charge to the generic terms or the generic crime under federal law, you need something more to show what that was. Do you have to use the magic words? That's ---- I think it's still viable for that basis. But here ---- But you're saying if you don't use the magic words, it doesn't work? Unless the charging document limits the basis on which the conviction can be for to the generic crime, which is the case here. And that's really what Vidalino's Taurus says, is that this was limited to the generic term. We know that in that case it was methamphetamine. We know it's cocaine here. And the documents demonstrate that he was convicted for 11350. It's the same case number. There's nothing inconsistent about these documents. There's nothing to give us pause. At best, Petitioner can point to this possibility that it was amended to another ---- But counsel, again, I share your frustration. I'm sure your opposing counsel does as well. Let's say 11350 had 20 different subparts. And there was a charge, 11350, and he said, I plead guilty 11350. But there are 19 parts that he didn't confess to. Well, that's ---- And this is a much smaller version of the world. But that's basically what we're dealing with here. The government has to match the charge with documents that say he pled to that specific charge. And that's what we're missing here. Well, that's very much what happened in Vidalino's Taurus, is that the plea agreement, I believe it was a plea agreement that was in the record there, did not specify that the underlying substance was methamphetamine. And the court rejected the idea that he didn't have to plead to the underlying substance. He didn't have to admit that. Does the comp have anything to do with the viability of that case? Well, I ---- Justice Kagan was pretty clear she didn't like the way our circuit was fact-finding, if you will, on these divisible statutes. Well, as an initial matter, we don't think that this camps necessarily applies in the immigration context, absent a decision from the board saying that it does. But we think that these drug schedule cases are divisible under the camps. If the court feels it necessary to address that or to address the extent that this camps applies here. I think there's a pending case on that. There is. I know this Court has used this camps in the immigration context before, but has never said that it absolutely applies. But we would ask that if that were the case, that this case should be remanded to the board to decide that in the first instance to what extent this camps does affect immigration proceedings, the civil immigration context. But again, this is divisible under this camps. It's not necessary to reach that because it references out to the drug schedules. Again, we think the conviction documents here show that he's pled guilt or, excuse me, was convicted for possession of cocaine. And we ask that the court dismiss the petition for review. Thank you very much. Just three quick points. First of all, I wanted to address Valdivinos-Torres, which opposing counsel brings up. In Valdivinos-Torres, it's true that there were multiple counts. But in this Court's decision in Kabontak, there was only one count. So even if you could look to Valdivinos for that point, Kabontak was a single count. And in that case, the Court still said you have to incorporate some sort of reference to the charging document. So Valdivinos-Torres is not going to help the government on that count in light of Kabontak. Well, Your Honor, I think there's basically, Moncrief has said we have to assume that the person pleaded guilty to the least of the acts criminalized unless you can show that there's actually a plea incorporating the charging document. And we believe that Moncrief is very strict on that point. Two other brief points. I believe at this point, opposing counsel and I do agree, that the Petitioner's admissions in this case is not something that the Court can reach. The Court couldn't decide it on that. And so that would be an issue to remand for the BIA to consider. And then the last point I want to just bring up is that I understand that the Court and many of the parties are frustrated by this and the categorical approach. But I just want to point out that in this case, if the Court were to say that the conviction documents were enough, it would actually overrule multiple decisions in other cases where this Court has said, well, in other words, what if you say that just because something has the same case number, then you're basically going back and undoing many, many cases where the Court has said, and the case numbers match, when the Court has said that that isn't enough. So on that ground, we would just point out that the Court just doesn't have the authority to go beyond what Moncrief and DeCamp and its prior precedent has said. And we can't overrule those other cases under Gammey v. Miller anyway, right? Absolutely, Your Honor. Thank you for your argument. This matter will stand submitted.
judges: Hellerstein, Callahan, Smith